69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles M. BYERS, Plaintiff-Appellant,
v.
UNITED STATES of America, et al.; Bill O'Neill, Special
Agent, U.S. Customs Service; Jeff Davis; United
States Customs Service, Defendants-Appellees.
 No. 94-15589.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1995.*
Decided Oct. 30, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Byers appeals the district court's grant of summary judgment to defendant William O'Neill and also appeals the district court's dismissal of his other claims against all other defendants. The district court found that O'Neill was entitled to qualified immunity for his actions as a United States Customs Agent and that it lacked subject matter jurisdiction of the other claims. We affirm.
 
 
 3
 1. The district court properly dismissed Byers' claims against the United States because he never presented his claims to the appropriate agency. See 28 U.S.C. Sec. 2675(a). The timely submission of a claim is a jurisdictional prerequisite to initiating an action under the Federal Tort Claims Act. See Landreth ex rel. Ore v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042, 109 S.Ct. 866, 102 L.Ed.2d 990 (1989); Spwar v. United States, 796 F.2d 279, 280 (9th Cir.1986). To the extent that Byers sought to assert a FTCA claim against individuals, jurisdiction was also lacking. See Hooker v. United States Dep't of Health & Human Servs., 858 F.2d 525, 531 (9th Cir.1988). And if Byers was attempting to assert state tort claims against individuals, jurisdiction was lacking because no diversity was shown. 28 U.S.C. Sec. 1332.
 
 
 4
 2. The action against O'Neill can be seen as pleading claims for constitutional torts. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Bivens actions can be brought against federal officials in their individual, not official, capacities. Id. at 395-96, 91 S.Ct. at 2004-05. Where an action seeks damages, that suggests an intent to sue the official as an individual. See Price v. Akaka, 928 F.2d 824, 828 (9th Cir.), cert. denied, 502 U.S. 967, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991).
 
 
 5
 However, this is precisely the kind of case that calls for a finding of qualified immunity. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). Although Byers makes a myriad of assertions about the falsity of information used in the affidavit for the search warrant, he has presented no evidence that O'Neill was aware of any falsity at the time. See Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Beyond that, O'Neill actively sought legal help before he obtained the warrant. That is an approach we have commended in the past because it helps to underscore the reasonableness of the officer's belief that the facts known to him do support a probable cause finding. It also offers additional protection to citizens. See Los Angeles Police Protective League v. Gates, 907 F.2d 879, 888 (9th Cir.1990); Ortiz v. Van Auken, 887 F.2d 1366, 1371 (9th Cir.1989); Arnsberg v. United States, 757 F.2d 971, 981 (9th Cir.1985), cert. denied, 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986). The associated claim that O'Neill is responsible for the fact that not all of the seized property was returned in a timely fashion suffers from the same defects. Again, there is no evidence to show that property which was seized under the warrant was withheld by O'Neill himself in any manner that would take him out from under the qualified immunity umbrella. Government mishandling of the property, if it was mishandled, does not equate to or tend to show any constitutional violation by O'Neill.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3